108 N.J. Super. 421 (1970)
261 A.2d 671
FEDERAL INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
ALFRED HAUSLER, SR. AND GIZELLA HAUSLER, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 1969.
Supplemental Material November 19, 1969.
Decided January 29, 1970.
*422 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. Edward A. Olson argued the cause for appellant (Messrs. Winne and Banta, attorneys; Mr. Barry G. Evertz, on the brief).
Mr. James B. Emory argued the cause for respondents (Mr. Joseph Teich, attorney).
*423 The opinion of the court was delivered by GOLDMANN, P.J.A.D.
Plaintiff Federal Insurance Company appeals from a Law Division order granting summary judgment in defendants' favor and dismissing the action. Although the grounds of defendants' motion to dismiss were that (1) the complaint failed to state a claim upon which relief could be granted, and (2) the action was barred by the six-year statute of limitations, the motion was granted on the latter ground only.
Plaintiff had insured Joseph Walker and Sons (Walker), a member of the New York and American Stock Exchanges, under a so-called "wrongful retention bond" against loss due to the wrongful retention of securities. On or about February 10, 1961 defendant Mrs. Gizella Hausler and her son Alfred opened an account with Walker in the names of Mrs. Hausler and her husband, Alfred, Sr. The initial order was to buy 100 shares of Public Service Electric & Gas 1.40 preference common stock at 29-1/4 or better. The stock was bought at 29-1/8 and Mrs. Hausler paid Walker $2,946.06, representing the purchase price and brokerage commission. Walker sent her a confirmation of the transaction dated February 17, 1961, indicating on its face that it represented a purchase of 100 shares of the 1.40 preference common stock. On or about March 9, 1961 Walker sent defendants, in error, 100 shares of Public Service Electric & Gas common stock, then selling at 47.
The error was not discovered by Walker until December 1961. However, the audit made at that time did not point to the particular account involved. It was not until November 30, 1962 that an audit found the error to be in defendants' account. On that date Frank H. Hand, the Walker representative through whom the transaction had been handled, wrote defendants advising of the error and that they had received $380 in dividends instead of the $245 which they would have received on the preference common stock. He explained that the error was clerical and attributable to the volume of business during the early *424 part of 1961 and inexperienced help. Hand asked for defendants' cooperation. It was not forthcoming, so that on January 4, 1963 a representative of plaintiff, which had in the meantime made good under its wrongful retention bond, met with defendants. They refused, and continued to refuse, to turn back the common stock and accept the 1.40 preference common.
Being subrogated to Walker's rights against defendants, plaintiff brought suit to recover the loss. The complaint, filed on July 2, 1968, demanded judgment of $4,207.81, together with interest and costs. Defendants' motion and the order here under appeal followed. In holding that plaintiff was barred by the statute of limitations, the trial judge refused to apply the so-called "discovery rule" urged by plaintiff, namely, that a cause of action accrues only when the person injured knows or should reasonably know of his injury. See Fernandi v. Strully, 35 N.J. 434 (1961); Rosenau v. New Brunswick, 51 N.J. 130 (1968); New Market Poultry Farms, Inc. v. Fellows, 51 N.J. 419 (1968), and Diamond v. N.J. Bell Telephone Co., 51 N.J. 594 (1968). Although accepting as true all the proofs offered in a light most favorable to plaintiff, together with all inferences that might reasonably be drawn therefrom, the judge said:
* * * It would seem to me from my analysis of the case, even though I accept as true the plaintiff's contentions that it * * * did know it was damaged but didn't know who did the damage, that this is not a good case in which to apply the discovery rule, and therefore I don't think it is for this court to break new ground on the subject. I think it is for an appellate court. * * * I should be bound by the law as it now is, rather than say that the Supreme Court is laying groundwork for saying that there may be other situations arising and we will deal with that when it comes. * * *
The trial judge also turned aside plaintiff's argument that defendants were estopped from asserting the statute of limitations because they received something they were not entitled to receive and therefore should legally and morally *425 return that which did not belong to them. In his view, estoppel was "not in the case," as a matter of law.
N.J.S.A. 2A:14-1 requires that an action at law for taking, detaining or converting personal property be commenced within six years after such action shall have accrued. Plaintiff contends here, as it did below, that the recently evolved "discovery rule" is pertinent in any consideration of the present case. As it views the matter, the rule would indicate that the cause of action accrued upon the date of its discovery of the identity of defendants in November 1962 as the persons who had received the common stock in error, and hence the action instituted on July 2, 1968 should not be barred.
The "discovery rule," first enunciated by Justice Jacobs in Fernandi, above, 35 N.J., at 450, was followed in the cases cited above. In discussing the rule in Diamond, Justice Schettino, writing for an unanimous court, noted that
In New Jersey, the discovery rule has, to date, been applied only in certain limited circumstances  in a foreign object malpractice case (Fernandi v. Strully, supra) and in the case of a negligent land survey (New Market Poultry Farms, Inc. v. Fellows, supra). We have recognized, however, that other situations may well be appropriate for extension of the same salutary rule. See Fernandi v. Strully, supra, 35 N.J., at p. 439. For reasons to be expressed, we are of the opinion that the case before us presents one such appropriate instance. [51 N.J., at 597]
Defendants contend that since Walker admittedly "discovered" the error in December 1961, the six-year limitation should run from that date and therefore the action brought in July 1968 is barred. Although they cite no decisional or statutory law in support of their position, they distinguish the discovery cases by pointing out that the rule has been applied only in cases where (1) the cause of action was discovered after the statute of limitations had run, and (2) where defendant, by his negligence or willfulness, created the condition which caused injury to plaintiff. Since Walker's discovery of the injury occurred *426 well before the expiration of the period of limitations, and since the conditions resulting in the loss were created by it, defendants contend that the action is barred.
That the injury and defendants' identity were discovered before the expiration of six years from the date of the loss is irrelevant, for the Legislature has declared that a plaintiff has six years to institute suit. The critical question is the determination of the date from which the statute begins to run. The available dates are: (1) March 10, 1961, the date defendants received the stock issued in error the day preceding; (2) December 1961, when Walker discovered the error, and (3) November 30, 1962, when Walker discovered the identity of defendants. The discovery rule cases would indicate that the March 1961 date is inappropriate for commencing the running of the statute. Before discovering the error in December 1961, Walker could not have any reason for knowing that a cause of action existed or that it had suffered injury. This leaves the December 1961 and November 1962 dates as possible marking points for the running of the statute.
The trial judge, as noted, felt that it was not for him to "break new ground" with respect to application of the discovery rule. We see no reason why the present situation is not one appropriate for a further extension of the rule. This is especially so in view of the fact that defendants, by the confirmation of sale sent them by Walker, knew the transaction covered the purchase of 100 shares of Public Service Electric & Gas 1.40 preference common stock then selling at 29-1/8 but had received the common selling at 47. They had also received in cash some seven checks representing dividends declared on the common stock, which were greater amounts than they would have received as dividends on the preference common.
Summary judgment was an inappropriate remedy in the circumstances. The matter should have been fully tried to determine (1) whether Walker knew or reasonably should have known of the error and defendants' identity in December *427 1961 and, if not, whether the discovery of defendants' identity in November 1962 was within a reasonable time; and (2) whether defendants knew of the mistake from the very beginning and therefore fraudulently concealed their windfall.
As was observed in the New Market Poultry Farms case, above, 51 N.J., at 425, there is little danger of a fraudulent, speculative or uncertain claim by reason of the passage of time, or that defendants' proof would be made more difficult. All persons involved in the transaction are available for a trial on the merits and plaintiff's proofs, documentary and otherwise, are intact. See also, Fernandi v. Strully, above, 35 N.J., at 450-451.
Accordingly, the summary judgment is reversed and the matter remanded for a full trial.