Katherine E. RUMBERG, Individually, et al., Plaintiffs,

v.

WEBER AIRCRAFT CORPORATION, a California Corporation, et al., Defendants.

Civ. No. 75–797–HP.

United States District Court, C. D. California.

Nov. 17, 1976.

Mason H. Rose, V, Nichols & Rose, Los Angeles, Cal., for plaintiff.

Robert D. Brill, Brill, Hunt, DeBuys & Burby, Los Angeles, Cal., for defendant Weber Aircraft, Div. of Walter Kidde & Co., Inc.

Philip L. Johnson, William G. Tucker, Los Angeles, Cal., for defendant Plessey Inc.

Forrest R. Cogswell, Lillick, McHose & Charles, Los Angeles, Cal., for defendant Automatic Connector, Inc.

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO F.R.CIV.P. 12(b)(6) BASED ON STATUTE OF LIMITATIONS

PREGERSON, District Judge.

Plaintiff, Katherine Rumberg, sues for the wrongful death of her husband, Capt. Robert R. Rumberg, USAF, killed on March 19, 1974, in the crash of a U.S. Air Force jet. She alleges that his death was caused by the malfunction of the aircraft's cockpit ejection system.

On March 3, 1975, Mrs. Rumberg filed a wrongful death complaint in the Los Angeles County Superior Court against Weber Aircraft Corporation and Walter Kidde and Company. The next day, March 4, 1975, she filed this federal court action against the same parties. At the time of these filings, Mrs. Rumberg was unaware of the identity of the parties responsible for the malfunctioning of one of the essential components in the ejection system. Therefore, pursuant to California's Code of Civil Procedure (CCP) § 474,[1] in her state action she alleged the liability of fictitious "Doe" defendants. Because our local rule 4(j)[2] prohibits the clerk of this court from accepting complaints that name fictitious parties, Mrs. Rumberg's federal complaint did not name any "Does."

When Mrs. Rumberg discovered the identity of the corporations that she believes inherited, through various reorganizations and acquisitions, the liabilities and obligations of the original manufacturer of the defective component, she amended her complaints in both the state and federal actions. Accordingly, Plessey Incorporated and Automatic Connector, Inc. (Plessey and Automatic) were substituted for defendants Does One and Two in the state lawsuit on June 24, 1976, and were joined in this action on July 8, 1976, by the filing of plaintiff's second amended complaint. The matter is now before the court on Plessey's and Automatic's motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that joinder of these defendants in the second amended complaint is barred by California's statute of limitations.

California's CCP § 340(3) provides a one-year statute of limitations for wrongful death.[3] When, however, a plaintiff is ignorant of the identity of a party responsible for the wrongful death of another, this time limit may be extended, as to the unknown defendant, by naming him as a "Doe" in the

---

1. CCP § 474 provides in pertinent part that: When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; * * *

2. Local Rule 4(j) of the Central District of California provides as follows:

   (j) *Misjoinder of Fictitious Parties*
   Unless otherwise ordered by the court in a particular case, the Clerk shall refuse to accept for filing, in any civil action or proceeding originally commenced in this court, any complaint wherein any party is designated and sought to be joined under a name which is alleged to be, or for other reasons unquestionably is, wholly fictitious, unless the complaint be accompanied by a dismissal as to every party designated by a fictitious name. (See *Molnar v. National Broadcasting Co.,* 231 F.2d 684, 687 (9th Cir. 1956).)

3. CCP § 340(3) provides in pertinent part that actions shall be commenced as follows:

   Within one Year: * * * 3. An action . . . for the death of one caused by the wrongful act or neglect of another, * * *
   Plaintiffs and defendants have agreed that California as the forum state would apply its own statute of limitations even though the death occurred in New York. *Klingebiel v. Lockheed Aircraft Corporation,* 494 F.2d 345 (9th Cir. 1974).

complaint. Pursuant to California's CCP § 581a,[4] the plaintiff then has three years to discover the identity. of the unknown defendant and serve him with the complaint. Upon discovery of defendant's identity, plaintiff may amend the complaint to substitute the defendant's true name for the fictional name, and the defendant is regarded as a party from the commencement of the suit. *Austin v. Massachusetts Bonding & Insurance Co.,* 56 Cal.2d 596, 15 Cal.Rptr. 817, 364 P.2d 681 (1961).

California's fictitious name statute is designed "to help the plaintiff who truly does not know the name of someone against whom he states a cause of action," *Schroeter v. Lowers,* 260 Cal.App.2d 695, 700, 67 Cal.Rptr. 270, 273 (1968). Under California law,

> it has long been recognized that the purpose of the provisions [of the fictitious name statute] is to enable such a plaintiff to bring suit before it is barred by the statute of limitations and that this procedure does not subject the defendant to undue hardship.
>
> *Austin v. Massachusetts Bonding & Insurance Co., supra,* 56 Cal.2d at 602, 15 Cal.Rptr. at 820, 364 P.2d at 684.

Furthermore, California's policy in favor of litigating cases on their merits requires that the fictitious name statute be liberally construed. *Barnes v. Wilson,* 40 Cal.App.3d 199, 114 Cal.Rptr. 839 (1974). Thus the statutory right of a plaintiff to use a fictitious name when ignorant of a defendant's true name mitigates the harshness of a statute of limitations that is short in comparison to limitations in other jurisdictions.[5] The policy behind CCP § 474

comports with the observation that, in our complex industrial society, one year may well be insufficient time for the most diligent plaintiff to discover the identity of parties responsible for the malfunction of an obscure component in a sophisticated end-product such as a jet aircraft. Taken together, CCP §§ 340(3), 474, and 581a can, depending on the date the complaint is filed, provide the functional equivalent of a limitations period of up to four years. For such a limitations period to apply two conditions must be met: (1) The plaintiff must file suit within one year of the accrual of the cause of action, and (2) the plaintiff must be unaware of the identity of certain defendants when the complaint is filed.

Defendants Plessey and Automatic argue that CCP § 474 is the exclusive method whereby the initial one-year statute of limitations in CCP § 340(3) may be extended, that the benefits available under § 474 are foreclosed by local rule 4(j), and, therefore, that plaintiff's claims against Plessey and Automatic should now be barred in this forum. This mechanical reasoning, if embraced by the court, could pose a serious question concerning the validity of this local rule which, if so construed, could unfairly discriminate against a plaintiff in a diversity case by withholding important substantive benefits available under state law. Such a result, if attributed to local rule 4(j), could arguably cause it to run afoul of Article I of the United States Constitution; the Rules Enabling Act, 28 U.S.C. § 2072, which authorizes the Supreme Court to prescribe practice and procedural rules for the district courts provided that "[s]uch rules [do] not abridge, enlarge

---

4. CCP § 581a provides in pertinent part that: (a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where

the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action. * *. *

5. See *e. g.,* New York Estates, Powers & Trusts Law, Section 5–4.1 (two years); Arizona Revised Statutes, Section 12–542 (two years); Nevada Revised Statutes, Section 11.190 (two years); Oregon Revised Statutes, Section 30.-020 (three years); Revised Code of Washington, Section 4.16.080 (three years).

or modify any *substantive* right" (emphasis added); and Federal Rules of Civil Procedure 83 which derives from the Rules Enabling Act and authorizes district courts to make rules governing their practice. *See Hanna v. Plumer,* 380 U.S. 460, 464, 468 & n. 9, 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). The court, however, finds it unnecessary to grapple with this knotty question for it is possible in this case to harmonize California's statute of limitations policies and local rule 4(j).

██ California's substantive policy to allow a plaintiff who begins his lawsuit within a year of its accrual three more years to ascertain the identity of unknown defendants is implemented through the procedural mechanism of "Doe" allegations provided in CCP § 474. A federal court sitting in diversity must apply the substantive law of the forum, *see, e. g., Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Hanna v. Plumer, supra,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8, including state statutes of limitations, *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), but is not bound by state procedural law when the matter before the court falls within the scope of a federal procedural rule. *Hanna v. Plumer, supra,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8. The court finds that California's policy, embodied in CCP §§ 340(3), 474, and 581a, to provide a plaintiff extra time to seek out unknown defendants can be conceptually divorced from the merely procedural pleading device of "Doe" allegations. Accordingly, this court can apply California's qualified four-year limitations period without requiring compliance in this forum with an implementing state procedural mechanism eschewed for other reasons, see pp. 299 and 300 *infra,* by a local federal rule.

██ The absence of a federal pleading mechanism comparable to CCP § 474 necessitates a determination whether plaintiff has met the substantive criteria of California's limitations scheme that would otherwise have been satisfied through "Doe" allegations. Thus plaintiff must show that she is factually entitled to the benefits of California's qualified four-year limitations period. Mrs. Rumberg has made that showing by commencing her suit in this court within the initial one-year period and by demonstrating, through allegations in her complaint filed in state court, her ignorance of defendants' identities within that period. Therefore, the court holds that the second amended complaint was filed within the applicable qualified four-year limitations period.

By ruling that joinder of defendants Plessey and Automatic is not time barred, despite the non-availability in this court of CCP § 474's procedural mechanism, the court does not deprive these defendants of any substantive protections of California's limitations scheme. The purpose of the statute of limitations, "in the oft-quoted words of Justice Holmes is to '[prevent] surprise through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" *Elkins v. Derby,* 12 Cal.3d 410, 418, 115 Cal.Rptr. 641, 646, 525 P.2d 81, 86 (1974). The California scheme, as embodied in CCP §§ 340(3), 474, and 581a, requires a plaintiff to initiate an action within one year of its accrual in order to take advantage of the extra time allotted to ferret out unknown defendants. The prompt commencement of the action provides the plaintiff with judicially enforceable discovery tools and thus enhances the likelihood of early detection and notification of unknown defendants. Although CCP § 474 gives a plaintiff extra time to uncover the identity of an unknown defendant, CCP § 581a sets the outside time limit at three years after the complaint is filed.[6] Thus an unidentified tortfeasor in a California wrongful death action must receive notice of the suit within four years from the date of death. Here defendants received notice of the federal wrongful death action

---

**6.** CCP § 340(3)'s requirement of filing within one year also sets an outside time limit for bringing the case to trial, by triggering the mandatory requirement of CCP § 583(b) that cases must be brought to trial within five years of filing.

twenty-eight months after the fatal accident.

Mrs. Rumberg met California's prompt commencement requirement by filing her action within the initial one-year limitations period. She then engaged in discovery proceedings that led her to the defendants a little more than a year later. No intimation has been made that she has pursued her case dilatorily or in bad faith or that her initial lack of knowledge was "feigned" or "wilful" or ."such as might [have been] removed by some inquiry or resort to information easily accessible." *Schroeter v. Lowers, supra,* 260 Cal.App.2d at 700, 67 Cal.Rptr. at 274. In short, Mrs. Rumberg appears to be exactly the type of party in just the circumstances that California's qualified four-year limitations period was designed to help.

Even if the court ignored CCP §§ 474 and 581a and myopically focused on the initial one-year statute of limitations in CCP § 340(3), California's decisional law on tolling provides an alternative basis for holding that plaintiff's second amended complaint was timely filed. All parties concede that plaintiff has brought a timely action against defendants Plessey and Automatic in state court by using CCP § 474. Ordinarily lawsuits filed in two different forums are treated as separate actions, and the tolling of the statute of limitations in one action has no effect on the running of the statute in the other. On this basis, defendants argue that plaintiff's timely filing in state court cannot protect her from the limitations bar in her federal action.

In certain circumstances, however, a California court will give effect in the action before it to the tolling of the statute of limitations in an action pending in another forum. Beginning with *Bollinger v. National Fire Ins. Co. of Hartford, Conn.,* 25 Cal.2d 399, 154 P.2d 399 (1944), California courts fashioned a tolling theory that "suspends the running of the limitations with respect to a second action during the pendency of a first action found to be procedurally defective." *Elkins v. Derby, supra,* 12 Cal.3d at 419, 115 Cal.Rptr. at 647, 525 P.2d

at 87. In *Bollinger*, plaintiff was nonsuited in his first action because he brought suit prematurely. Due to defendant's delay, the statute of limitations had run by the time the motion for nonsuit was heard and plaintiff's refiling in a second action appeared time-barred. In holding that the filing in the first action tolled the statute in the second action, the court recognized a broad power in the judiciary to provide relief necessary "to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits." *Bollinger, supra,* 25 Cal.2d at 410, 154 P.2d at 405.

*Schneider v. Schimmels,* 256 Cal.App.2d 366, 64 Cal.Rptr. 273 (1968), extended the *Bollinger* theory by ruling that the timely filing of a pending action in another state tolled the statute in a subsequent California suit. The court found that California's statute of limitations policy

calls for the trial and determination of actions on their merits, especially when the purpose of the statute of limitations has been served by the timely filing of the original action, followed by a continued effort on the part of the plaintiff to maintain the action and pursue the case until a decision on the merits has been reached.

*Id.,* 256 Cal.App.2d at 371, 64 Cal.Rptr. at 276.

In a recent treatment of this equitable tolling theory, the *Bollinger* principles were applied by the California Supreme Court to prevent the statute of limitations from running on a personal injury suit during the pendency of plaintiff's workmen's compensation claim before the Workmen's Compensation Appeals Board. The court reasoned that tolling is appropriate when a party "has several legal remedies, and reasonably and in good faith pursues one." *Elkins v. Derby, supra,* 12 Cal.3d at 414, 115 Cal.Rptr. at 644, 525 P.2d at 84.

Mrs. Rumberg has satisfied the notification and diligence policies as set out in *Schneider, supra.* Defendants Plessey and Automatic concede that they received notice of the wrongful death claim within the time limit applicable to plaintiff's action in

state court. The court recognizes that if Mrs. Rumberg's claims against these defendants were barred here, she, unlike the plaintiffs in the California cases cited above, would still have the opportunity to litigate those claims in another forum. Yet failure to find the statute tolled would nonetheless result in the "technical forfeiture" of plaintiff's right under the diversity statute to have her claims adjudicated by a federal court. Since California courts "have liberally applied tolling rules or their functional equivalents to situations in which plaintiff has satisfied the notification purpose of the limitations statutes," *Elkins v. Derby, supra,* 12 Cal.3d at 418, 115 Cal. Rptr. at 646, 525 P.2d at 87, this court finds that the *Bollinger* equitable tolling doctrine should be applied to the case at bar. Therefore, the court holds that CCP § 340(3)'s one-year statute of limitations was tolled in this action by plaintiff's timely commencement of the lawsuit pending against defendants Plessey and Automatic in state court.

Under either alternative basis for its holding, the court concludes that plaintiff's second amended complaint was filed before the statute of limitations ran. This holding does not conflict with any countervailing federal procedural policies. Local rule 4(j) was not designed to shorten the time for commencing an action under a state statute of limitations. Our peculiar rule prohibiting "Does" in a complaint[7] is based on the plaintiff's duty to affirmatively allege subject matter jurisdiction in federal court suits and on the observation that diversity of citizenship cannot be alleged in good faith as to unknown parties. In so far as a policy can be gleaned from this local rule, it is to protect the court and the litigants from the technical confusion that may result if "Does" remain parties of record throughout the adjudication of the action.

> Were the courts to allow . . . complaints [alleging "Doe" defendants] to be filed unchallenged, a great opportunity for confusion would arise. See *Roth v. Davis,* 9 Cir., 231 F.2d 681. The allegations, if suffered to remain in the complaint might cause apparent technical difficulties later. Delay in bringing the cause to issue and trial is the immediate consequence.

*Molnar v. National Broadcasting Company,* 231 F.2d 684, 687 (9th Cir. 1956). Thus failure to eventually dismiss "Does" may afford a defendant a technical opportunity to contest diversity jurisdiction or the lack of indispensable parties, even after trial. *Roth v. Davis,* 231 F.2d 681 (9th Cir. 1956); *Sigurdson v. Del Guercio,* 241 F.2d 480 (9th Cir. 1956). No such opportunities for later confusion as to jurisdiction exist here. Plaintiff has adequately alleged the diverse citizenship of all defendants.

Nor does our holding conflict with 15(c) of the Federal Rules of Civil Procedure.[8] The California statute of limitations scheme as applied in this case does not deal

---

7. Two-thirds of the states have rules or statutes allowing some form of fictitious name pleading although their effect on statutes of limitations varies greatly among jurisdictions. 46 Iowa Law Review 773 (1961). Only three federal district courts have local rules against the naming of "Does" in complaints: The Central District of California (Rule 4(j)), the Southern District of California (Rule 4(i)), and the District of Arizona (Rule 10(d)). It appears that the Arizona local rule has no potential for substantive impact on the outcome of litigation since the fictitious naming of defendants authorized by Arizona Rule of Civil Procedure 10(f) does not toll or extend the statute of limitations. *Gould v. Tibshraeny,* 21 Ariz.App. 146, 517 P.2d 104 (1973).

8. Federal Rule of Civil Procedure 15(c) provides in pertinent part that:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have

with the "relation back" doctrine at all but rather extends or tolls the limitations period in the factual circumstances that exist in this case. Rule 15(c) is designed to provide a uniform solution to statute of limitations problems when amendments are sought *after* the limitations period has expired; it was not designed to determine the *length* of the limitations period to be applied. In the instant case the second amended complaint was filed before the statute ran; therefore, we do not reach 15(c) issues.[9]

In light of the court's two-pronged ruling that Mrs. Rumberg is entitled to the benefits of both California's applicable qualified four-year limitations period and equitable tolling doctrine, defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that joinder of defendants Plessey and Automatic in the second amended complaint is barred by California's statute of limitations are denied.[10]

known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. * * *

**9.** Even though Rule 15(c) issues are not reached here, it is noted in passing that the policy behind Rule 15 is that of "facilitating decisions based on the merits." 3 Moore's Federal Practice 15.15[2], p. 1023 (2d Ed. 1968). "In addition, the purpose of Rule 15(c) is to provide relief from harsh state rules in cases where the applicable state law would bar the amended complaint." *Williams v. United States*, 353 F.Supp. 1226 (E.D.La.1973).

Defendants cite many cases for the proposition that Rule 15(c) governs amendments despite conflicting state laws. In the vast majority of these cases, 15(c) was construed to allow amendments despite more restrictive state laws. The *Erie* analysis as elucidated by *Hanna v. Plumer, supra,* might well differ in the situation in which Rule 15(c) would seem to bar an amendment which state law allows, see *Williams v. United States, supra.*

**10.** None of the cases cited by defendants conflict with the holding in this case. *Molnar, supra,* and its progeny deal with the dismissal of "Does" for failure to properly allege diversity. There is no attempt to allege "Does" and no failure to allege diversity here. In *Craig v. United States,* 413 F.2d 854 (9th Cir.), *cert.*

*denied,* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969), a Death on the High Seas Act case, 46 U.S.C. § 761 et seq., the Ninth Circuit held that defendants, although named as "Does" in the complaint, could not be brought into the lawsuit after the limitations period provided in 46 U.S.C. § 763 had expired. But there the Court was applying a federal statute of limitations that neither authorized the naming of "Does" nor provided plaintiff with extra time to discover the identity of unknown defendants. Similarly, the cases of *Hoffman v. Halden,* 268 F.2d 280 (9th Cir. 1959), and *Williams v. Avis Transport of Canada, Ltd.,* 57 F.R.D. 53 (D.Nev.1972) are not controlling because they construe fictional name and limitations statutes under Oregon and Nevada law. Moreover, the *Hoffman* and *Williams* decisions are not persuasive because they do not consider the equitable tolling doctrine applied here, nor do they consider whether the limitations schemes in those jurisdictions share California's comprehensive policy of requiring the commencement of actions within a year while affording relief to the diligent plaintiff who encounters difficulty in discovering unknown tort-feasors.