590 F.2d 57
 Thomas M. BRITT and Anne Britt, Appellants,
v.
Cyril S. ARVANITIS, M. D., Monmouth Medical Center, Felix
Pilla, Administrator of Monmouth Medical Center and John
Doe, a manufacturer of wire surgical sutures, Ethicon, Inc.,
a corporation of the State of New Jersey (formerly impleaded
as John Doe, etc.).
 No. 78-1302.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 5, 1978.
Decided Nov. 24, 1978.
 
 1
 Morris Schnitzer, Larry I. Zucker, Freeman, Friedman, Wilson & Carney, Newark, N. J., for appellants.
 
 
 2
 John N. Beidler, Smith, Stratton, Wise & Heher, Princeton, N. J., for appellees.
 
 
 3
 Before ROSENN and WEIS, Circuit Judges, and HANNUM, District Judge.*
 
 OPINION
 
 4
 HANNUM, District Judge.
 
 
 5
 (I) INTRODUCTION
 
 
 6
 This is an appeal from the Order of the United States District Court for the District of New Jersey dismissing appellants' suit for products liability as barred by the New Jersey Statute of Limitations which provides:
 
 
 7
 N.J.S.A. 2A:14-2. 2 Years; actions for injuries to persons by wrongful act.
 
 
 8
 Every action at law for an injury to the person caused by wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued.
 
 
 9
 The case began as an action for medical malpractice and products liability. With the dismissal of certain defendants, however, it has become solely a products liability suit against appellee, Ethicon, Inc., which manufactured certain wire surgical sutures that were implanted in appellant Thomas Britt during an operation in March of 1970. Federal jurisdiction is based on diversity of citizenship.
 
 
 10
 (II) FACTS
 
 
 11
 On March 20, 1970, appellant underwent a gastrectomy for correction of a chronic duodenal ulcer. Initial recovery appeared to be normal, but in 1972 he began to experience sharp pain in the upper abdomen near the locus of the gastrectomy. These episodes became more frequent and intense and on October 17, 1974, appellant had exploratory surgery in an attempt to determine the source of his continuing discomfort. As a result of this second operation, it was discovered, in January 1975,[1] that some of the sutures used in the 1970 operation were defective. The complaint was filed in the District Court on October 1, 1975, naming as defendants the doctor who performed the gastrectomy, the hospital in which it occurred, the administrator of the hospital, and, because Ethicon, Inc.'s identity was at that time unknown, "John Doe" as manufacturer of the wire sutures. Discovery elicited the name of Ethicon, Inc. as the manufacturer of the sutures, which information was given to plaintiff November 9, 1976. Thereafter, by notice of motion dated November 18, 1976, plaintiff sought leave to amend the complaint and name Ethicon, Inc. in place of the "John Doe" originally denominated. A consent order allowing the amendment was filed January 24, 1977 and the amended complaint was filed February 28, 1977 with service on Ethicon, Inc. effected on March 2, 1977. Ethicon, Inc. raised the Statute of Limitations defense by moving to vacate the District Court's Order allowing the amendment and the Court below granted summary judgment for appellee.[2]
 
 
 12
 In so ruling, the District Court held first, that appellants' cause of action accrued, for Statute of Limitations purposes, in January, 1975 when it was first ascertained that the sutures were defective; and second, since the amended complaint was filed more than two years after the accrual date, the action was barred by the two year Statute of Limitations. Finally, the District Court held that the amendment did not relate back to the date the original complaint was filed (concededly within the two year period) because the amendment replacing John Doe with Ethicon, Inc. effectively introduced a new party to the action and the notice provisions of Fed.R.Civ.P. 15(c) which allow relation back of an amendment in such circumstances were not met.[3]
 
 
 13
 (III) ISSUES
 
 
 14
 Appellants raise two contentions on this appeal. First, they argue that the cause of action did not accrue until appellants knew the actual identity of the potential defendant. Thus, in the present case, since the identity of Ethicon, Inc. was not discovered until November 9, 1976, the filing of the amended complaint in February, 1977 would have been well within the two year period of the Statute of Limitations.
 
 
 15
 Second, appellants assert that even if the cause of action accrued in January, 1975 when the defect was discovered, the rule enunciated in Farrell v. Votator Division of Chemtron Corporation, 62 N.J. 111, 299 A.2d 394 (1973), is part of the substantive Statute of Limitations law of New Jersey which must be applied by a federal court sitting in that state in a diversity action.[4]
 
 
 16
 (IV) ANALYSIS
 
 
 17
 (A) Accrual Of The Action
 
 
 18
 The issue of when a cause of action accrues for Statute of Limitations purposes is a matter of substantive law of the state concerned which must be applied by a federal court in a diversity action. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); Bolender v. Farm Bureau Mutual Insurance Company, 474 F.2d 1360 (3d Cir. 1973). It is necessary to canvass New Jersey law.
 
 
 19
 As this Court noted with respect to Pennsylvania law under similar circumstances in Bolender, supra: New Jersey " . . . law is replete with simplistic statements concerning the times causes of action accrue." Appellants cite numerous New Jersey cases for the proposition that discovery of the true identity of the potential defendant dates the accrual of the cause of action. See, Fox v. Passaic General Hospital, 71 N.J. 122, 363 A.2d 341 (1976); Moran v. Napolitano, 71 N.J. 133, 363 A.2d 346 (1976); Farrell v. Votator Division of Chemtron Corporation, supra; Federal Insurance Company v. Hausler, 108 N.J.Super. 421, 261 A.2d 671 (1970). While these cases are instructive on the discovery aspect, they shed little illumination on what New Jersey law considers the true identity of the defendant. The only New Jersey authority that directly addresses the precise issue presented here is Lawrence v. Bauer Publishing and Printing, Ltd., 143 N.J.Super. 387, 363 A.2d 357 (1976), which holds that:
 
 
 20
 Our fictitious name practice requires that when a claimant is in a position to describe a defendant in terms of what he did or failed to do which gave rise to the claim, an action against that defendant must be commenced within the limitations period even though the claimant does not then know defendant's name. 143 N.J.Super. 391, 363 A.2d 359.
 
 
 21
 In the present case, it is not disputed that at the time the original complaint was filed, appellants were unaware of the precise identity of the potential defendant. They were, however, able to describe the defendant in terms of what it did or failed to do; indeed, they did so by describing "John Doe" as "a manufacturer of wire surgical sutures." This is precisely the situation envisioned by the Court in Lawrence, supra, and we therefore hold that appellants' cause of action accrued, and the limitations period began to run, in January, 1975 when it was first established that the wire sutures used in the 1970 operation were causative factors in appellants' damages.
 
 
 22
 (B) Relation Back Of The Amended Complaint
 
 
 23
 Unlike the first issue, which was clearly controlled by a determination of New Jersey substantive law, appellants' second contention raises the knotty problem of whether the decision in Farrell v. Votator Division of Chemtron Corporation, supra, is one of substantive law, or merely an interpretation of the New Jersey procedural rule concerning the relation back of amended pleadings. It is, of course, axiomatic that if Farrell is the former it is controlling in a federal diversity action; but if it is the latter, it must yield to the contrary view expressed in the federal rules. Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).
 
 
 24
 In Farrell, the New Jersey Supreme Court held that where a plaintiff commenced a personal injury action against a "John Doe" defendant within the applicable Statute of Limitations period, and later, beyond the limitations period, amended the complaint to identify the "John Doe," New Jersey R. 4:9-3[5] allowed the amendment to relate back to the filing date of the original complaint. In this manner, the action was held to have been timely filed. The decision was grounded on the view that, under New Jersey practice, the replacement of a "John Doe" defendant with the correct denomination did not add a new party to the action but rather constituted a mere substitution of names. 299 A.2d 397.
 
 
 25
 At this juncture, it is noted that the view expressed by the New Jersey Supreme Court is in direct conflict with that related by this Court when construing Fed.R.Civ.P. 15(c) in Varlack v. SWC Carribbean, Inc., 550 F.2d 171 (3d Cir. 1977) where we held:
 
 
 26
 Replacing a "John Doe" caption with a party's real name amounts to "changing a party" within the meaning of Rule 15(c), and thus will only relate back if all three conditions specified in the Rule have been satisfied. 550 F.2d 174.
 
 
 27
 See also, Craig v. United States, 413 F.2d 854 (9th Cir. 1969). We further observe that the conflict exists despite the fact that in relevant part, the New Jersey rule is a verbatim recital of Federal Rule 15(c). Thus, unless the Farrell decision rests on New Jersey substantive law, appellants must fail. Hanna v. Plumer, supra.
 
 
 28
 To avoid this conflict, appellants argue that the Farrell decision was the culmination of a pattern of cases which liberalized, for plaintiffs, the application of New Jersey Statute of Limitations law. Appellants urge that the case, having been fitted into the mosaic of limitations decisions, has become part of substantive state policy despite the fact that it rests squarely on an interpretation of a New Jersey rule of civil procedure. In support of this contention, appellants cite Rumberg v. Weber Aircraft Corporation, 424 F.Supp. 294 (C.D.Cal.1976), wherein the district court allowed an amendment to a complaint based on plaintiff's utilization of California's Code of Civil Procedure (C.C.P.) § 474 which provides in pertinent part:
 
 
 29
 When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; * * * 424 F.Supp. 296 n.1.
 
 
 30
 The decision in Rumberg rested on two grounds. First, the District Judge decided that inasmuch as the procedural device was contained in the same code of civil procedure as the Statute of Limitations in question,[6] it was part and parcel of the substantive California Statute of Limitations scheme.[7] Second, the court held that even if its first reason was unfounded, the filing of a parallel action in the state courts gave rise to the California "equitable tolling" doctrine which served to suspend the running of the limitations period in the federal suit.
 
 
 31
 As to the first ground, it must be noted that the procedural device relied upon (naming a "John Doe" defendant) was not utilized in the federal court action. 424 F.Supp. 296. Rather, it was used only in the parallel state suit. It is clear from the opinion that the Rumberg amendment was allowed despite plaintiff's failure to use the state procedural device in the federal action, not because it was used as is the position of appellants here. The Rumberg court held that the California Statute of Limitations was extended for three additional years under circumstances such as those presented in that case. The circumstances having been met, the court held that the limitations period was extended and the amended complaint timely filed. We find no basis in Farrell to conclude that the New Jersey Supreme Court extended the limitations period embodied in N.J.S.A. 2A:14-2 or that absent application of the relation back doctrine of R. 4:9-3 the action in Farrell would not have been time barred. Further, we find that R. 4:9-3 is nothing more than it purports to be a rule of civil procedure which, under the doctrine enunciated in Hanna, supra, is not controlling in federal courts sitting in New Jersey.
 
 
 32
 Concerning the second ground, we need only recognize that no question of equitable tolling of the New Jersey Statute of Limitations is presented here. In Rumberg there was a saving action in the state court, the record discloses none here.
 
 
 33
 Finally, as to whether Fed.R.Civ.P. 15(c) allows the complaint to relate back, we conclude that it does not. Since the replacement of a "John Doe" defendant with a named party introduces a new litigant, Varlack, supra, all conditions of Rule 15(c) must be met for the amendment to relate back. It is undisputed that the claim asserted in the amended complaint arose out of the same conduct, transaction, or occurrence set forth in the original complaint. It is equally clear, however, that Ethicon, Inc. had no notice of the action, informal or otherwise, prior to the running of the Statute of Limitations. Thus, the notice provisions of Rule 15(c) have not been satisfied. Accordingly, the amended complaint does not relate back to the filing date of the original complaint. The Statute of Limitations having run in January, 1977 and the amended complaint having been filed on February 28, 1977, the action is barred by N.J.S.A. 2A:14-2 and the judgment of the district court will be affirmed.
 
 
 
 *
 John B. Hannum, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 The record before us does not reveal the exact date in January of 1975 when it was determined that the sutures were defective. As will become evident, however, the precise date is not a controlling factor in our decision since the amended complaint was filed February 28, 1977 and the New Jersey Statute of Limitations in personal injury actions is two years. N.J.S.A. 2A:14-2. If, as appellee argues, the operative accrual date is that when the defect was discovered, the filing of the amended complaint was clearly outside the limitations period regardless of the exact date in January 1975
 
 
 [2]
 The District Court concluded that the motion to vacate under Fed.R.Civ.P. 60(b) was properly considered a motion for judgment on the pleadings and in accordance with Fed.R.Civ.P. 12(c), decided the motion pursuant to Fed.R.Civ.P. 56 because the parties submitted affidavits in support of their respective positions
 
 
 [3]
 Fed.R.Civ.P. 15(c) states in pertinent part:
 (c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, Within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. (emphasis added).
 
 
 [4]
 Farrell, supra, permitted an amended complaint, in circumstances similar to the instant case, to relate back to the filing of the original complaint and thus allowed an action which would otherwise have been time barred
 
 
 [5]
 R. 4:9-3 reads:
 When Amendments Relate Back
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
 
 
 [6]
 C.C.P. § 340(3) is the California Statute of Limitations for wrongful death actions
 
 
 [7]
 Additionally, it must be recognized that the Rumberg court found it unnecessary to consider the relation back of the amended complaint. Under its construction of the California Statute of Limitations, the court concluded that the period had been extended by three years thereby making the initial filing of the amendment timely. The court expressly disclaimed any conflict between California law and Fed.R.Civ.P. 15(c). 424 F.Supp. 300