HAROLD McBRIDE, PROSECUTOR, v. HOWARD J. BLOY, CLERK OF THE TOWNSHIP OF HILLSIDE; ARTHUR T. LEE, CHAIRMAN AND TOWNSHIP COMMITTEE OF THE TOWNSHIP OF HILLSIDE; NORMAN L. SANFORD, CHIEF OF POLICE, AND EDWARD ULRICH, OSCAR BISHOP, HARRY SCHUETZLE AND J. LESTER SANFORD, DEFENDANTS.

Argued October term, 1934—Decided February 4, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and Bodine.

For the prosecutor, *Samuel B. Goldstein* and *William Fogel.*

For the defendants, *Siguard A. Emerson.*

PER CURIAM.

Harold McBride, who for a number of months acted as police sergeant in the township of Hillside, seeks to have reviewed the action taken by the township in creating four offices of police sergeant, and in appointing thereto four police officers who had been less long in the service than he.

One who merely acts in an office cannot be regarded as having tenure. Frequently someone is designated to act for an officer, who, for one reason or another, is temporarily incapacitated. Such temporary incumbent does not have tenure. Therefore, the only question in this case is whether the municipality in appointing Messrs. Ulrich, Bishop, Schuetzle and Sanford as sergeants of police, pursuant to the township ordinance, acted in accordance with chapter 194 of *Pamph. L.* 1927, *p.* 377. This act provides that promotion shall be made with due regard to the length of service and merit in the police department, the preference being given to those having longest service.

From our examination of the record, it would seem that there was due regard to merit in the advancements made, but we cannot substitute our own judgment for that of the officials charged with the public duty by the mere circumstance that prosecutor had been a police officer for a few years longer than those advanced. As between those in the same class of service merit cannot be easily determined by the bare written record. Certainly, the legislature could not have intended, because they did not so say, that years of service should be the sole criterion. They provided that merit should be considered also. So far as we can discover from the record, there seems good reason for the action taken.

The rule is dismissed with costs.