143 N.J. Super. 391 (1976)
363 A.2d 359
STEPHEN GASKILL AND RAYMOND ANDERSON, PLAINTIFFS,
v.
MAYOR AND COMMISSIONERS OF THE BOROUGH OF AVALON, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 26, 1976.
*393 Mr. Martin List for plaintiffs (Messrs. Schneider, Cohen & Solomon, attorneys).
Mr. Thomas J. Savage for defendants (Mr. Gerald L. Dorf, attorney).
STALLER, J.C.C., Temporarily Assigned.
In these cross-motions for summary judgment the parties have agreed that the ruling shall be made on the papers pursuant to R. 1: 6-2. Plaintiffs' complaint essentially alleges that they were illegally passed over for promotion from patrolman to sergeant in the Police Department of the Borough of Avalon. For reasons hereinafter stated, plaintiffs' motion for summary judgment is denied and defendants' motion is granted.
The Avalon Police Department is not subject to Civil Service. In promoting officers the borough is required to follow N.J.S.A. 40A:14-129, which provides as follows:
In any municipality wherein Title 11 (Civil Service) of the Revised Statutes is not in effect, and except in cities of the first and second class, a promotion of any member or officer of the police department or force to a superior position shall be made from the membership of such department or force. Due consideration shall be given to the member or officer so proposed for the promotion, to the length and merit of his service and preference shall be given according to seniority in service.
No person shall be eligible for promotion to be a superior officer unless he shall have previously served as a patrolman in such department or force.
Under either system, the main concern is merit and fitness. See N.J.S.A. 11:21-3; N.J. Const. (1947), Art. VII, § I, par. 2.
The parties do not agree on the exact method of computing seniority  whether it accrues from the date of probationary appointment or permanent appointment  but this is a point that need not be decided, as Patrolman Gaskill *394 at least clearly has greater seniority than Sergeant Shaw. Plaintiffs and defendants agree that the officer with the most seniority should not automatically receive the promotion. The difference is that plaintiffs contend that the burden of proof should be on the borough to demonstrate the reasons for not strictly following seniority in making promotions, while defendants contend that the burden of proof is on the plaintiffs to show an abuse of discretion by the borough.
In McBride v. Bloy, 13 N.J. Misc. 136, 176 A. 675 (Sup. Ct. 1935), a case arising under R.S. 40:47-18, the predecessor statute to N.J.S.A. 40A:14-129, the court was also faced with a case where a more senior officer was passed over for a promotion. The court denied relief to that officer, saying that "[s]o far as we can discover from the record, there seems to be good reason for the action taken". This is tantamount to saying that the action will not be revoked unless it is clearly arbitrary, capricious or unreasonable. This is also the standard in reviewing decisions on zoning variances by municipalities, see, e.g., Kramer v. Sea Girt Bd. of Adj., 45 N.J. 268, 296-297 (1965), and of decisions of administrative agencies. Flanagan v. Civil Service Dep't., 29 N.J. 1, 9 (1959). Recently, in Guerrero v. Burlington Cty. Memorial Hospital, 70 N.J. 344 (1976), (Slip opinion at p. 16.), the same standard of review has been applied to review of personnel decisions of hospitals. This court agrees with the McBride court that it is the appropriate standard of review here.
The case of Sogliuzzo v. Hoboken, 62 N.J. Super. 243, 249-250 (App. Div. 1960), cited by plaintiffs is not strictly applicable because it dealt with a municipality subject to Civil Service and its attendant rules and regulations, but it is instructive since it applied the "arbitrary, capricious or unreasonable" standard to a case involving a police promotion from a list of Civil Service policemen eligible for promotion. There plaintiff had a higher score than the Director's brother who was appointed, and the Director told plaintiff that he was not appointed because "blood *395 is thicker than water." The court refused to invalidate that appointment, stating (at 250) that there was no evidence that there were not other sound reasons which were not articulated.
In the present case proof by plaintiffs that Sergeant Shaw had less seniority is of no significance in itself. The presumption is that defendants made the promotion based on considerations of merit, and promoted Sergeant Shaw because they felt he was the best qualified. Plaintiffs must therefore show that defendants' implied finding that Sergeant Shaw was more qualified was "clearly arbitrary, capricious or unreasonable."
The deposition reveals that the chief of police justified the promotion of Sergeant Shaw on his performance as a detective, his schooling and his successful completion of a test for sergeant. Plaintiffs' objection to the use of the test might have merit if that were the sole reason they were not promoted, since plaintiffs were not given the opportunity to take the test and easily could have been given such opportunity. The same is not true as to their argument that they were not given the opportunity to attend the same schools at borough expense as Sergeant Shaw or to work in the detective bureau. The Chief of Police did not assign Shaw to the detective bureau or send him to the training sessions at borough expense in order to determine his qualifications; the assignment to the detective bureau was made because he thought Shaw would do the best job and the choice of Shaw for further training was because the department would benefit most from his attendance. That Sergeant Shaw thus became the most qualified for promotion as a result is incidental.
In conclusion, at the time the choice of whom to promote was made it was neither arbitrary, capricious nor unreasonable for defendants to conclude that Sergeant Shaw was the most meritorious individual. Therefore, plaintiffs' motion for summary judgment is denied and defendants' motion for summary judgment granted.