149 N.J. Super. 364 (1977)
373 A.2d 1019
STEPHEN GASKILL AND RAYMOND ANDERSON, PLAINTIFFS-APPELLANTS,
v.
MAYOR AND COMMISSIONERS OF THE BOROUGH OF AVALON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 4, 1977.
Decided April 25, 1977.
*365 Before Judges CARTON, KOLE and LARNER.
Mr. Martin List argued the cause for plaintiffs-appellants (Messrs. Schneider, Cohen & Solomon, attorneys).
Mr. David Wallace argued the cause for defendants-respondents (Mr. Gerald L. Dorf, attorney; Mr. Stanley Schwartz, on the brief).
PER CURIAM.
We affirm the judgment below substantially for the reasons expressed in the opinion of Judge Staller reported at 143 N.J. Super. 391 (Law Div. 1976).
In view of plaintiffs' appellate argument we deem it appropriate to supplement that opinion by an additional facet of decision which supports the conclusion below. Plaintiffs place primary emphasis upon the statutory provision (N.J.S.A. 40A:14-129) that "preference shall be given according to seniority in service," and urge that this preference directive was not properly implemented by the appointing authority.
In our opinion this statutory preference to those who enjoy seniority in service is applicable where two or more candidates have approximately equal qualifications. It is but an additional factor to be considered on the merits of the evaluation of the individuals for promotion and not a mechanical rule which guarantees promotion to the senior employee.
On the record herein, the police chief found that Shaw was better qualified for the task involved in the position *366 of detective sergeant than Gaskill or Anderson. The trial judge concluded that this determination was reasonably justified by the evidence, and we agree. Under such circumstances, the status of seniority in itself cannot serve as a legal basis for a finding of arbitrariness, which is the proper standard of review of the discretionary action of the appointing authority.
Affirmed.