930 A.2d 484

BOROUGH OF GLASSBORO, PLAINTIFF–APPELLANT, v. FRATER-
NAL ORDER OF POLICE LODGE NO. 108, IN THE MATTER OF
SERGEANT PETER L. AMICO, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 13, 2007—Decided August 27, 2007.

Before Judges COBURN, R.B. COLEMAN and GILROY.

*William M. Tambussi* argued the cause for appellant (*Brown & Connery,* attorneys; *Mr. Tambussi,* of counsel and on the brief;

*Susan M. Leming,* on the brief; *William F. Cook,* on the brief; *Ila Bhatnagar,* on the brief).

*Peter H. Demkovitz* argued the cause for respondent (*Markowitz & Richman,* attorneys; *Mr. Demkovitz,* of counsel and on the brief; *Matthew D. Areman,* on the brief).

The opinion of the court was delivered by

COLEMAN, R. B., J.A.D.

In 2004, plaintiff Borough of Glassboro (plaintiff or the Borough), a non-civil service municipality whose police officers are represented by defendant Fraternal Order of Police, Lodge No. 108 (the union or FOP), appointed Sergeant William Highley to the position of lieutenant, ahead of Sergeant Peter Amico, who scored higher on the first two portions of the Borough's three-step promotional procedure.

On August 19, 2004, the union, on behalf of Amico, filed a contractual grievance for improper denial of promotion and on June 16, 2005, the matter was submitted to arbitration before the Public Employment Relations Commission (PERC). On July 26, 2005, the arbitrator issued an Award and Opinion, finding that Amico "was improperly denied a promotion to Lieutenant" because there was "nothing in the record to determine what factors in Phase III caused the grievant to drop to second place accept [sic] the suggestion from the testimony of the Borough witnesses that it must have been that the grievant, a longtime resident of Glassboro and a graduate of its high school, had recently moved away from the Borough." Hence, the arbitrator directed the Borough to promote Amico to that position as of July 8, 2004, and to pay him all lost back pay.

On October 24, 2005, the Borough moved in the Law Division to vacate the arbitrator's award but, by order dated December 9, 2005, the Law Division denied that motion. The Law Division judge opined that as long as the arbitrator's decision was "reasonably debatable," the decision must be allowed to stand.

On December 28, 2005, the Borough filed a motion for reconsideration, which was also denied, by order dated January 20, 2006; however, in that order the court granted a temporary stay of its decision, pending an appeal to the Appellate Division. Thus, although the court upheld the arbitrator's determination that the promotion of Highley after the third step of the promotion procedure was arbitrary, capricious and unreasonable, it permitted him to occupy the position of lieutenant for forty-five days or if appealed, to the point of decision on application for a stay to be decided at that level.

The Borough filed its notice of appeal on February 24, 2006, and on May 11, 2006, this court granted the Borough's motion to continue the stay entered by the Law Division pending a final decision by the Appellate Division. As a result, Highley remains in the position of a lieutenant, though the arbitrator and the Law Division both had determined that Sergeant Amico should have been promoted to that position. We now affirm the decision of the Law Division and vacate the stay, pursuant to which Highley has occupied the position of lieutenant. As ordered by the arbitrator and affirmed by the Law Division, Amico is entitled to be lieutenant.

The Borough's promotional process consists of three phases or stages. In the first phase, the applicant takes a written and oral exam, administered by the International Association of Chiefs of Police. The oral component consists of an interview with four independent chiefs of police and applicants are scored based upon their answers. In the second stage, the applicant is interviewed by the Borough Chief of Police, who assesses the applicant's background and experience and assigns a score. The Chief also reviews the applicant's seniority, education, personnel record, commendations, evaluations, disciplinary infractions or suspensions. The applicant's scores from these first two phases are combined and a cumulative score is calculated.

The third phase is a subjective oral examination in which only the three highest ranked applicants from the first two phases

participate. In that phase, the applicant is questioned by the Borough Public Safety Committee, which consists of Borough Council members, the Borough Administrator, and the Chief of Police. This stage includes a "closing statement" portion, where each candidate is permitted to make any further comments in support of his or her application.

In early 2004, the Borough had one opening for the position of lieutenant. Three sergeants—Peter Amico, William Highley, and Gregory Bruynell—submitted their applications and at the conclusion of the first two phases of the Borough's three-step promotional process, Amico was in first place with a score of 93.8; Highley was in second place with a score of 92.4; and Bruynell was in third with a score of 80.24. On July 7, 2004, all of the candidates were interviewed by the Public Safety Committee, after which the Borough awarded the position of lieutenant to Highley.

Amico's grievance against the Borough was heard by an arbitrator on June 16, 2005. The arbitrator found that Phase III of the Borough's promotional process "subjectively chang[ed] the standing of the top two candidates for the promotion to lieutenant." The arbitrator observed that he had nothing in the record to determine how Phase III caused Amico, who had been leading by 1.4 points after the first two stages, to fall behind Highley in the standings. He noted that he found nothing in the promotional policy to indicate that the Phase III interview might add to or reduce the 100 percent cumulative score achievable in the first two phases. He stated that the questions and answers in Phase III were not on the record and were not scored, and there was nothing to indicate how well each of the applicants performed in their respective interviews. Ultimately, the arbitrator then concluded that he had:

> nothing in the record to determine as to what factors in Phase III caused grievant to drop to second place accept (sic) the suggestion from the testimony of the Borough witnesses that it must have been the grievant, a longtime resident of Glassboro and graduate of its high school, had recently moved away from the Borough.

He further noted that Amico had substantially greater seniority and educational attainment than Highley. Ultimately, he concluded that Amico was improperly denied a promotion to lieutenant.

The Law Division judge upheld the findings of the arbitrator, concluding that there was nothing presented to the arbitrator from which he could have derived an understanding of the reason or reasons that Highley was elevated above Amico. Without any evidence on the phase three factors, the judge concluded that he must side with the arbitrator.

The Borough moved for reconsideration, contending that certified statements concerning the reasons for its decision had been presented to the arbitrator and had in fact been submitted to the Law Division in the form of verifications attached to the verified complaint. In conjunction with the verifications, the Borough also submitted certifications from the Borough Administrator and the Chief of Police in support of the motion for reconsideration to highlight the evidence presented to the arbitrator. At the hearing, the judge denied reconsideration. However, he granted a stay of his decision pending this appeal.

The Borough Police Department is not subject to civil service. Rather, in promoting officers the Borough is required to follow *N.J.S.A.* 40A:14–129, which provides as follows:

> In any municipality wherein Title 11 (Civil Service) of the Revised Statutes is not in effect, and except in cities of the first and second class, a promotion of any member or officer of the police department or force to a superior position shall be made from the membership of such department or force. Due consideration shall be given to the member or officer so proposed for the promotion, to the length and merit of his service and preference shall be given according to seniority in service.
>
> No person shall be eligible for promotion to be a superior officer unless he shall have previously served as a patrolman in such department or force.

The Borough contends that its decision to promote Highley to the position of lieutenant should be upheld because the Law Division's determination as to the arbitrator's standard of review was erroneous. The Borough argues that public arbitrations involve the public interest and justify more extensive judicial oversight with respect to an arbitration award. Based upon our

review of the record, we are satisfied that both the judge of the Law Division and the arbitrator applied the correct standard of review.

■ "In reviewing an arbitration award in the public sector, the court must determine whether (1) the arbitrator followed the inherent guidelines applicable to public sector arbitration and, (2) the interpretation of the contractual language is reasonably debatable." *PBA Local 160 v. Twp. of North Brunswick*, 272 *N.J.Super.* 467, 473, 640 *A.2d* 341 (App.Div.), *certif. denied*, 138 *N.J.* 262, 649 *A.2d* 1283 (1994). *See also State v. Int'l Fed'n of Prof'l and Technical Eng'rs*, 169 *N.J.* 505, 780 *A.2d* 525 (2001) (generally a court will accept an arbitrator's interpretation as long as the interpretation is reasonably debatable). The trial judge concluded that the arbitrator's award was entitled to enforcement because it was, at a minimum, reasonably debatable.

■ A municipality's decision in the promotional process will not be disturbed by an arbitrator unless it is clearly arbitrary, capricious or unreasonable. *Gaskill v. Mayor and Comm'rs of the Borough of Avalon*, 143 *N.J.Super.* 391, 394, 363 *A.2d* 359 (Law Div.), *aff'd*, 149 *N.J.Super.* 364, 373 *A.2d* 1019 (App.Div.1977). Here, the trial judge correctly articulated his task, stating "the question is was it reasonably debatable for the arbitrator to have found that the decision of (sic) the Borough reached and (sic) promoting Highley over Amico was arbitrary? That's really the question I think that's before me."

The judge concluded that the arbitrator properly found that the Borough's decision to promote Highley was arbitrary, because there was no reason given for the Borough's decision to promote Highley over Amico, who scored higher than Highley in the first two portions of the promotional process. The arbitrator noted that "[t]he results of the Phase III session if they were recorded at all were not introduced into evidence. The grievant was merely informed that he was now in second place[.]" Clearly, the arbitrator regarded that action as arbitrary, even if he did not use the specific word. The arbitrator speculated, because there was no

other explanation given or apparent, that "possibly the fact that [Amico] no longer lives in the Borough may have been the controlling consideration in favor of Highley who does live in the Borough." However, in reaching his decision, the Law Division judge stated that he disagreed with the arbitrator as to whether residency is a factor that could be utilized, but the judge acknowledged that his inquiry was whether it was reasonably debatable for the arbitrator to have concluded that the promotion of Highley over Amico was arbitrary. As to that inquiry, he concluded "it seems to me that the arbitrator could not have come up with any different decision than the one he reached."

The Borough argues that its decision to promote Highley should be upheld because the arbitrator made a mistake of law with respect to whether residency could be considered and that such a mistake destroys the validity of the award. We disagree.

In the past, residency requirements for police officers were valid, but in 1972, the statutory requirements of initial and continued residence for police service were repealed. *In re Leary,* 91 *N.J.* 151, 155, 450 *A.*2d 504 (1982). The purpose of the new legislation was to allow preference for a resident only where he or she had achieved the same score as a nonresident on the relevant civil service exam or merit test. *Ibid.*[1] Consistently, *N.J.S.A.* 40A:14–122.1 provides: "No municipality shall pass any ordinance ... making residency therein a condition of employment for the purpose of original appointment, continued employment, or promotion[.]" Therefore, a candidate's residency cannot be a condition for purposes of promotion except in the very limited circumstances where a resident and nonresident achieve the same score on a qualifying test. *N.J.S.A.* 40A:14–122.6 provides:

> In any municipality wherein Title 11 (Civil Service) of the Revised Statutes is not in operation but wherein promotions to positions on the police department and force are based upon merit as determined by suitable promotion tests for such positions, a resident shall be appointed rather than a nonresident thereof in any instance in

---

[1] *But see N.J.S.A.* 40A:14–123.1a (residency may be considered by the appointing authority for initial appointments to a police department).

which the resident and nonresident achieved the same final average score in such test. The preference granted by this section shall in no way diminish, reduce or affect the preferences granted to veterans pursuant to any other provision of law.

Given the language of that statute, we are convinced that residency, if it was utilized by the Borough, was an inappropriate factor in the promotional process. The statute mandates that residency be considered where a "resident and nonresident achieved the same final average score" and that did not occur in the present matter. Amico scored 1.4 points higher than Highley after Phases I and II. The scores are close but they are not the "same."

■ The Borough also contends that there were concrete factors and evidence that it evaluated during Phase III that belied the arbitrator's finding that he had nothing on the record before him to support the decision to promote Highly over Amico. However, the reviewing judge expressed the quandary presented by the record as follows:

I will say that I do have the two pages of questions for Amico, and I have the second page for Highley, and there are jotted notes on the questions. But even just looking at that, it's difficult to tell what those responses were, what they meant to the note taker. I think this was the Chief's actual page. He was jotting down some things. There are actually things at the bottom of one page where numbers are referenced. I don't know what those numbers mean. They're not specified. They don't have anything from anyone that says whether this was being scored, how it was scored, and how the participants scored in—pursuant to these questions.

And so I have raw data, but it doesn't mean anything to me. And I assume that the arbitrator was presented with the same file. He may have been presented with raw data, but it wasn't made sensible to him such that it showed how the Borough distinguished Highley from Amico.

Plainly, the trial judge considered the questions posed during the Phase III interview but could find no basis from which the interviewers could have discerned that Highley was better qualified than Amico. The "suggestion" to Amico, given by the Chief of Police after the conclusion of the interviews, that his non-residency may have hurt him, is, of course, inadequate to establish that the issue was actually raised during the Phase III interview or that his residency was, in fact, considered against him. Beyond that, there simply was not enough evidence before either the arbitrator or the trial judge to determine what happened during

or as a result of the Phase III interviews. Therefore, we reject the suggestion that the arbitrator's award is unenforceable because of the reference to the Borough's use of residency in its decision to promote Highley. That reference was harmless in that it did not form the actual basis for the award. It did, however, underscore the absence of any discernable basis for the change in the positions of the applicants.

In reviewing the arbitrator's decision, the trial judge reasoned that the arbitrator could have arrived at only one decision. The judge affirmed the finding that the Borough made an arbitrary decision in elevating Highley over Amico, stating "on what I have, it seems to me that the arbitrator could not have come up with any different decision than the one he reached." On appeal, the Borough argues that the Law Division's decision to confirm the award did not give due consideration to the ample evidence in the record concerning the third phase factors used in the promotional process. In this regard, the Borough emphasizes the evidence presented via the verifications of the Borough Administrator, Joseph Brigandi, Jr., and the Chief of Police, Alexander J. Fanfarillo, appended to the verified pleading and their certifications submitted on the motion for reconsideration.

Brigandi certified that "the purpose of [the] third stage is to assess the leadership qualities that a candidate possesses." He certified that he testified before the arbitrator that each candidate's ability to communicate answers in an assertive and confident manner was important, and that each candidate's community activities and peer ranking was considered. Fanfarillo certified that there were "numerous non-residency factors that were discussed" in the Phase III interviews. Fanfarillo certified that he had prepared questions requiring each candidate to talk about the qualities that would make him suitable for the position of lieutenant and how the candidate would motivate his subordinates.

■ Our review of a trial judge's decision to examine certain documents and information on a motion for reconsideration is reviewed under an abuse of discretion standard. *Fusco v. Bd. of*

*Educ. of the City of Newark,* 349 *N.J.Super.* 455, 462, 793 *A.*2d 856 (App.Div.), *certif. denied,* 174 *N.J.* 544, 810 *A.*2d 64 (2002) (noting that "reconsideration should be used only for those cases which fall into that narrow corridor in which either (*l*) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence"). We perceive no abuse of discretion here. The certifications were considered, but they were not found to be enlightening. They did not state a basis for Highley's promotion to Amico. Although they do discuss the questions that were asked and the type of information elicited, there is nothing in the certifications to explain why Highley scored higher, how or why he was more effective, or what answers he gave that moved him ahead of Amico. Thus, as the arbitrator had observed, there was nothing to show "what factors in Phase III cause the grievant to drop to second place." There was, likewise, nothing in either of the certifications that discussed the actual evaluation of the answers that were given by the candidates. The record is bare as to the Borough's reasoning for elevating Highley over Amico.

Finally, the Borough contends that the Law Division did not adequately account for the effect of the arbitration award on the public interest. The Borough argues that a ruling against the municipality would disturb the chain of command, and create confusion in the promotional process, thereby making objective tests the only permissible standard. We do not agree. Moreover, the trial court judge made it clear that he did not find the three-step procedure was inappropriate. It was not the mere subjectivity of the procedure that caused it to be arbitrary. It was the absence of any explanation of "how the Borough distinguished Highley from Amico."

There is no well defined and dominant public policy that is at issue here. *Weiss v. Carpenter, Bennett & Morrissey,* 143 *N.J.* 420, 437, 672 *A.*2d 1132 (1996); *City of Newark v. Newark Council 21,* 320 *N.J.Super.* 8, 20, 726 *A.*2d 942 (App.Div.1999). Despite the

Borough's protestations, there is nothing in the award that would prevent any municipality from utilizing a subjective test in its promotions, in whole or in part, so long as it articulates the basis upon which it scored that examination. Based on the scores at the end of phase two and the absence of anything in the record that demonstrates any basis for the Public Safety Committee to have elevated Highley over Amico in the third phase, we, like the arbitrator and the Law Division judge, must conclude that the promotion of Highley was an arbitrary and capricious act.

Accordingly, we affirm the decision of the Law Division upholding the determination that Amico was entitled to be promoted to lieutenant. We vacate the stay entered by our order dated May 11, 2006.

Affirmed.